IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

YOLANDA MOLINA and
GRANVILLE SENTERS,

      Plaintiffs,

v.                                 Case No.: 3:19-cv-00516

GENESIS HEALTHCARE, LLC and
590 NORTH POPLAR FORK ROAD
OPERATIONS, LLC,

      Defendants

## CLASS ACTION COMPLAINT

Plaintiffs YOLANDA MOLINA and GRANVILLE SENTERS, individually and on behalf of all other similarly situated employees ("Plaintiffs" or "Representative Plaintiffs"), bring this lawsuit against Genesis Healthcare, LLC and 590 North Poplar Fork Road Operations, LLC ("Defendants") seeking to recover for Defendants' violations of 1) the Fair Labor Standards Act ("FLSA"); 2) the West Virginia Wage Payment and Collection Act; and 3) the West Virginia Minimum Wage and Maximum Hours Act, and state as follows:

## INTRODUCTION

1.     Plaintiffs bring this action against the Defendants for their unlawful failure to pay minimum wages and overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. §§201-219 ("FLSA"); failure to timely pay wages in direct violation of the West Virginia Wage Payment and Collection Act, W. Va. Code 21-5-1 *et seq.;* and failure to pay minimum wages and overtime wages in direct violation of the West Virginia Minimum Wage and Maximum Hours Act, W. Va. Code 21-5c-1, *et seq*. Additionally, Defendants failed to maintain records of all hours worked by Plaintiffs and

the proposed Putative Class Members as required by 29 U.S.C. §211(c) and W. Va. Code § 21-5c-5.

2.      The Plaintiffs and proposed Putative Class Members are current and former employees of Defendants who worked as hourly employees during the relevant time period.

3.      During the time period relevant to this action, Plaintiffs and all those similarly situated were employed by Defendants as hourly employees and pursuant to Defendants' employment practices, were provided with 30-minute unpaid meal periods.

4.      However, Plaintiffs and the proposed Putative Class Members were regularly required to work through their lunch periods or lunch periods were interrupted and cut short by Defendants.  As a result, Plaintiffs and the proposed Putative Class Members were not paid minimum wage for this time spent working and overtime was miscalculated.

5.      Defendants additionally had an opt-out setup for health benefits known as "modified compensation," where employees who elected not to receive health benefits were supposed to get an additional amount paid to them on an hourly basis. Defendants, in violation of the West Virginia Wage Payment and Collection Act, failed to pay the additional health benefits to Plaintiff and other Putative Class Members.

6.      This action is brought as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties and damages owed to Plaintiffs and all other similarly situated hourly employees employed by, or formerly employed by Defendants, its subsidiaries and affiliated companies pursuant to the FLSA.

7.      This action is also brought as a class action to recover unpaid overtime compensation, double damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiffs and all other similarly situated hourly employees employed by, or formerly employed by Defendants, its subsidiaries, and affiliated companies pursuant to West Virginia statutes.

8.      For at least five (5) years prior to the filing of this action, Defendants had and continue to have a consistent policy and practice of requiring its employees to work through lunch periods or of cutting lunch periods short.  Defendants additionally failed to correctly calculated modified compensation benefits for Plaintiffs and proposed Putative Class Members.  Plaintiffs seek to recover unpaid overtime compensation, including interest thereon, statutory penalties, reasonable attorney's fees and litigation costs on behalf of themselves and all similarly situated current and former employees who worked for Defendants.  Plaintiffs and all similarly situated current and former employees who may opt-in pursuant to 29 U.S.C. §216(b) seek liquidated damages. Furthermore, Plaintiffs and other members of the class action who do not opt out seek damages pursuant to the WV Wage Payment and Collection Act and the WV Minimum Wage and Maximum Hours Act. Defendants actions in failing to pay wages, overtime, and failing to maintain accurate records was intentional and willful in direct violation of the FLSA and West Virginia State law.

9.      Plaintiffs intend to request the Court to authorize notice to all such persons informing them of the pendency of the action and their right to "opt-into" this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking overtime compensation and liquidated damages under federal law.

10.     Plaintiffs also intend to request the Court to certify a class action, under Rule 23 of the Federal Rules of Civil Procedure, for the purposes of assertion of supplemental claims under state law.

## PARTIES

### A.     Plaintiff Yolanda Molina

11.     Plaintiff Yolanda Molina is  West Virginia Resident and was employed by Defendants within the meaning of the FLSA and West Virginia Statutes during the relevant five-year period.  Plaintiff Molina worked for Defendants at their Hurricane, West Virginia facility and did not properly receive modified compensation benefits, minimum wage, and overtime compensation for hours worked in excess of 40 hours per week.  Plaintiff Yolanda Molina's Consent to Join is attached as Exhibit A.

### B.     Plaintiff Granville Senters

12.     Plaintiff Granville Senters was employed by Defendants within the meaning of the FLSA and West Virginia Statutes during the relevant five-year period. Plaintiff Senters worked for Defendants at their Hurricane, West Virginia facility and did not properly receive minimum wage and overtime compensation for hours worked in excess of 40 hours per week.  Plaintiff Granville Senter's Consent to Join is attached as Exhibit B.

### C.     Defendant Genesis Healthcare, LLC

13.     Defendant Genesis Healthcare, LLC is a Delaware Limited Liability Company with its principal place of business in Kennett Square, Pennsylvania.

14.     The citizenship of each member of Genesis Healthcare, LLC is in jurisdictions outside the State of West Virginia.  The members of Genesis Healthcare, LLC, listed on the West Virginia Secretary of State's website are as follows:

| Member | Citizenship |
|---|---|
| Michael S. Sherman | Kennett Square, PA |
| Michael Berg | Kennett Square, PA |

### D.      Defendant 590 North Poplar Fork Road Operations, LLC

15.      Defendant 590 Poplar Fork Road Operations, LLC ("590 Poplar") is a West Virginia Limited Liability Corporation with its principal place of business in Hurricane, West Virginia.

16.      The citizenship of each member of Genesis Healthcare, LLC is in jurisdictions outside the State of West Virginia.  The members of Genesis Healthcare, LLC listed on the West Virginia Secretary of State's website are as follows:

| Member | Citizenship |
|---|---|
| Michael S. Sherman | Kennett Square, PA |
| Michael Berg | Kennett Square, PA |
| Genesis WV Holdings, LLC | Kennett Square, PA |

17.      The members of Genesis WV Holdings, LLC listed on the West Virginia Secretary of State's website are as follows:

| Member | Citizenship |
|---|---|
| Richard Edwards | Kennett Square, PA |
| Michael Sherman | Kennett Square, PA |
| Thomas Divittorio | Kennett Square, PA |
| Michael Berg | Kennett Square, PA |

### E.   All Defendants

18.   Plaintiffs are informed and believe, and based upon such information and belief allege, that the Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

19.   Plaintiffs are further informed and believe, and based upon such information and belief allege, that at all times herein mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, alter egos and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director and/or managing agent, principal and/or employer, expressly directed, consented to, approved, affirmed and ratified each and every action taken by the other co-Defendants, as herein alleged and was responsible in whole or in part for the matters referred to herein.

20.   Plaintiffs are further informed and believe, and based upon such information and belief allege, that at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiff, and all others similarly situated and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

21.   Plaintiffs are further informed and believe, and based upon such information and belief allege, that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of,

and in pursuit of said joint venture, partnership and common enterprise and, as such were co-employers of Plaintiff and the putative class herein.

22.     Plaintiffs are further informed and believe, and based upon such information and belief allege, that Defendants, and each of them, at all times mentioned in this Complaint, concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified, the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this Complaint.

## JURISDICTION

23.     This court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

24.     Additionally, this court has original jurisdiction over cases involving citizens of different states where the sum or value in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.

25.     The value in controversy in this matter exceeds $75,000 and the parties to the case are citizens of different states.

26.     For purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcaset SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

## VENUE

27.     Venue is proper in this Division under 28 U.S.C. §1391 (a) because a substantial part of the events or omissions giving rise to the claims set forth in this Complaint occurred in the Southern District of West Virginia.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

### A.    FLSA Collective Action

28.    Plaintiffs incorporate the above paragraphs of this Complaint as if fully alleged herein.  Plaintiffs bring their First Cause of Action as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of the following class of persons ("FLSA Class"):

FLSA Class:  All persons employed as hourly employees by Defendants in the State of West Virginia during any part of the time period beginning three years prior to the filing of the initial complaint in this action and who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("FLSA Class").

29.    The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

30.    Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record all hours worked, failing to pay employees for all overtime hours worked, and failing to pay minimum wage.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential class members may easily and quickly be notified of the pendency of this action.

### B.    Collective Action Allegations

31.    Numerous employees have been victimized by this pattern, practice and policy, which are willful violations of the FLSA.  Many of these employees have worked with Plaintiffs and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA.  Thus, from their

observations and discussions with these employees, Plaintiffs are aware that the illegal practices or policies of Defendants have been imposed on the Putative Class Members.

32.     The Putative Class Members are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiffs in terms of job duties, pay provisions and employment practices.

33.     Defendants' failure to pay wages, minimum wages, and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policy and practice and which is not dependent on the personal circumstances of the Putative Class Members.  Thus, Plaintiffs' experiences are typical of the experiences of the Putative Class Members.

34.     The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.   All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### C.     Opt-Out Class Action

35.     Plaintiffs bring Second Cause of Action in this action on behalf of the Opt-Out Classes described below.

Opt Out Class:  All persons employed by Defendants in the State of West Virginia, who during any part of the time period beginning five years prior to the filing of the initial complaint in this action to and through the date a judgment is rendered in this action were paid on an hourly basis.

Opt Out Former Employee Subclass:    All persons formerly employed by Defendants in the State of West Virginia, who during any part of the time period beginning five years prior to the filing of the initial complaint in this action to and through the date a judgment is rendered in this action were paid on an hourly basis.

## C.    FRCP Rule 23 Class Allegations

36.    **Numerosity**: The members of each of the Classes are so numerous that joinder of all members is impracticable.  The exact number of the members of each of the Classes can be determined by reviewing Defendants' records.  Plaintiffs are informed and believe, and thereon allege, that there are in excess of forty individuals in each class defined above.

37.    **Commonality**: There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole. The questions of law and fact common to each of the Classes predominate over any questions solely affecting individual members of the action.  Among the common questions of law and fact are:

a.    Whether employees were paid for all time worked for Defendants, including time worked during lunch breaks; overtime compensation as a result of working more than 40 hours in a week; and additional compensation owed to individuals who selected modified compensation instead of health insurance benefits.

b.    The manner in which Plaintiffs and members of the Classes were compensated; and

c.    Whether Defendants failed to keep, maintain and/or furnish accurate wage statements for the Class.

38.    **Typicality**: Plaintiffs claims are typical of the other class members. Plaintiffs, like the other members of the above classes, were, and are, employed as

hourly employees and are, and were, subjected to Defendants' payment policies, practices, and procedures as outlined above and below. Likewise, Plaintiff's job duties were, and are, typical of those of other class members who worked and work in similar positions.

39.    **Adequacy:** Plaintiffs will fairly and adequately protect the interests of the Classes and have retained counsel that is experienced and competent in class action and employment litigation. Plaintiffs have no interests that are contrary to, or in conflict with, members of the Classes.

40.    This case is brought and may be maintained as a class action. Questions of law or fact common to class members predominate over any questions solely affecting individual class members and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. Class action treatment will allow a large number of similarly situated class members to simultaneously and efficiently prosecute their common claims in a single forum without the needless duplication of effort and expense that numerous individual actions would entail.

41.    In addition, because the monetary amounts owed to many individual class members are likely to be relatively small, the burden and expense of individual litigation would make it difficult, if not impossible, for individual class members to seek and obtain relief. A class action will also serve the important public interest of permitting class members harmed by Defendants' unlawful practices to effectively pursue recovery of the sums owed to them.

42.    Plaintiff is not aware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

43. Additionally, a collective/class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FLSA, 29 U.S.C. § 201 *ET SEQ.*

### (Against All Defendants on behalf of Plaintiffs and the Collective Class)

44. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

45. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

46. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

47. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods of commerce within the meaning of Section 3(r)(2)(a) of the FLSA, 29 U.S.C. §203(r)(2)(a), in that said enterprise has and has had employees engaged in activities including the operation of an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution.

48. At all times hereinafter mentioned, Plaintiffs and all those similarly situated were individual employees engaged in commerce as required by 29 U.S.C. §§ 206-207.

49. At all relevant times herein, Plaintiff was entitled to the rights, protections and benefits provided under the FLSA, 29 USC §§ 201 *et. seq.*

50. The FLSA regulates, among other things, the payment of minimum wages and overtime pay by employers whose employees are employed in an enterprise engaged in commerce. 29 U.S.C. § 207(a)(1).

51. Defendants are subject to the overtime pay and minimum wage requirements of the FLSA because they are employers engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

52. At all times relevant, Plaintiff and the members of the FLSA Class were or have been employees of Defendants within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

53. Defendants violated the FLSA by failing to pay and properly calculate time worked by employees and overtime. In the course of perpetrating these unlawful practices, Defendants have also willfully failed to keep accurate records of all hours worked by its employees.

54. Defendants failed to compensate Plaintiff and the FLSA Class at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendants have violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1).

55. Defendants additionally required employees to work during unpaid meal breaks without providing compensation for the time worked at the minimum wage rates set forth in 29 U.S.C. § 206.

56. Plaintiff and the FLSA Collective Class are victims of a uniform and company-wide compensation policies, procedures, and practices. Upon information

and belief, Defendants have applied, and do apply, uniform policies, procedures, and practices that illegally deprive and have deprived the Plaintiff and the FLSA class of pay.

57.    Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and the members of the FLSA Class.

58.    Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional.

59.    Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

60.    As a result of Defendants' violations of the FLSA, Plaintiffs and the members of the FLSA Class have suffered damages by being denied minimum wage and overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. 201, et seq.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY TWICE MONTHLY WAGES

### (Against All Defendants on behalf of Plaintiffs Individually and the Putative Class)

61.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

62.    W. Va. Code § 21-5-3, requires employers to pay employees at least twice every month all wages due.

63.    Defendants were aware that employees who selected modified compensation under the benefits plan offered by Defendants were not being paid an increased hourly amount.

64.    Defendants were additionally aware that employees were working through unpaid lunch breaks without any compensation being paid to those employees by Defendants.

65.    Defendants were additionally aware that employees were not being paid the correct amount of overtime as a result of the failure to calculate overtime to include hours worked during unpaid meal periods.

66.    Defendants have willfully failed to pay the all wages owed to Plaintiffs on a twice monthly basis.

67.    As a result, Plaintiffs are entitled to recover the unpaid wages, plus costs of the action, including reasonable attorney fees against Defendants.  W. Va. Code § 21-5-12.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY WAGES OWED UPON SEPARATION OF EMPLOYMENT

### (Against All Defendants on behalf of Plaintiffs Individually and the Putative Class)

68.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

69.    W. Va. Code § 21-5-4 requires employers to pay full wages owed to any employee who has separated from payroll before paydays.

70.    Defendants were aware that employees who selected modified compensation under the benefits plan offered by Defendants were not being paid an increased hourly amount.

71.     Defendants were additionally aware that employees were working through unpaid lunch breaks without any compensation being paid to those employees by Defendants.

72.     Defendants were additionally aware that employees were not being paid the correct amount of overtime as a result of the failure to calculate overtime to include hours worked during unpaid meal periods.

73.     Defendants have willfully failed to pay the all wages owed to Plaintiffs who separated from payroll all of the employee's wages in a timely manner.

74.     As a result, Plaintiffs are entitled to the amount unpaid, plus two times that amount as liquidated damages.  Former employees are also entitled to attorney's fees and costs per West Virginia Statutes.  W. Va. Code §§ 21-5-4 and 21-5-12.

## FOURTH CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

### (Against All Defendants on behalf of Plaintiffs Individually and the Putative Class)

75.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

76.     W. Va. Code § 21-5c-2 requires employers to pay minimum wages for all hours worked by employees.

77.     Defendants were aware that employees were working through unpaid lunch breaks without any compensation being paid to those employees by Defendants.

78.     As such, Defendants failed to pay minimum wages in violation of W. Va. Code § 21-5C-2.

79.     Plaintiffs are therefore entitled to recover the unpaid wages plus attorney fees and costs pursuant to W. Va. Code § 21-5C-8.

## FIFTH CAUSE OF ACTION

## FAILURE TO PAY OVERTIME

### (Against All Defendants on behalf of Plaintiffs Individually and the Putative Class)

80.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

81.     W. Va. Code § 21-5c-3 requires employers to pay all employees who work more than forty hours in a workweek at one and one-half times the regular rate at which they are employed.

82.     Defendants were aware that employees were working through unpaid lunch breaks without any compensation being paid to those employees by Defendants.

83.     As such, Defendants were not properly calculating overtime wages owed to Plaintiffs.

84.     Plaintiffs are therefore entitled to recover the unpaid overtime wages plus attorney fees and costs pursuant to W. Va. Code § 21-5C-8.

## SIXTH CAUSE OF ACTION

## FAILURE TO MAINTAIN RECORDS

### (Against All Defendants on behalf of Plaintiffs Individually and the Putative Class)

85.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

86.     W. Va. Code § 21-5c-5 requires, among other things, employers to maintain records of the hours of employment for all employees.

87.    Defendants were aware that employees who selected modified compensation under the benefits plan offered by Defendants were not being paid an increased hourly amount.

88.    Defendants were additionally aware that employees were working through unpaid lunch breaks without any compensation being paid to those employees by Defendants.

89.    Defendants were additionally aware that employees were not being paid the correct amount of overtime as a result of the failure to calculate overtime to include hours worked during unpaid meal periods.

90.    As such, Defendants were not properly maintaining records in violation fo W. Va. Code § 21-5C-5.

91.    Plaintiffs are therefore entitled to recover the unpaid wages plus attorney fees and costs pursuant to W. Va. Code § 21-5C-8.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF STATUTE**

**(Against All Defendants on behalf of Plaintiffs
Individually and the Putative Class)**

92.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

93.    The actions of the Defendants violate the aforesaid laws of West Virginia and confer jurisdiction on this Court for actions of the Defendants pursuant to W. Va. Code § 55-7-9.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

a.    Designation of this action as a collective action on behalf of the proposed FLSA class and promptly issue notice pursuant to 29 U.S.C. § 216(b) to all members of the defined opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to join pursuant to 29 U.S.C. § 216(b);

b.    Designation of this action as a class action on behalf of the proposed Opt-Out Classes and promptly issue notice to proposed class members;

c.    A declaration that Defendants are financially responsible for notifying all Putative Collective and Class Members of their alleged wage and hour violations;

d.    Designation of Plaintiff's attorneys as the attorneys representing the putative collective action Plaintiffs;

e.    Declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, et seq. and West Virginia Statutes;

f.    An award of damages for compensation due to Plaintiffs and the Putative Collective and Class Members, including liquidated damages, to be paid by Defendants;

g.    Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

h.    Pre-Judgment and post-Judgment interest, as provided by law; and

i.    Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

j.      For an Order granting such other and further relief as may be necessary and appropriate.

**Plaintiffs demand a trial by jury.**

Respectfully Submitted,

YOLANDA MOLINA and
GRANVILLE SENTERS,

By Counsel

/s/ Michael Payne
Michael D. Payne
West Virginia State Bar # 8839
**Redman & Payne, PLLC**
4855 MacCorkle Avenue SW
South Charleston, WV 25309
(304) 342-6800
mpayne@redmanpaynelaw.com

/s/ Thomas A. Rist
Thomas A. Rist
West Virginia State Bar # 9100
California State Bar # 238090
**Rist Law Office, LC**
103 Fayette Avenue
Fayetteville, WV 25840
(304) 574-0222
tom@helpwv.com